FILED

JAN 1 6 2008

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| EARL WALKER, | Case No. CV 07-6541-GPS (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT |
| v. | |
| J.C. MARSHALL, Warden, | |
| Defendants. | |

On October 9, 2007, Plaintiff filed a petition for writ of habeas corpus which was assigned the above case number. Because the relief sought was not available under 28 U.S.C. § 2254, the petition was dismissed with leave to file a first amended civil rights complaint.

Plaintiff filed the first amended civil rights complaint pursuant to 42 U.S.C. § 1983 on November 14, 2007. The Complaint named J.C. Marshall, the Warden at the California Men's Colony ("CMC") in San Luis Obispo, California, as the only defendant.

Plaintiff presented two claims for relief. The first claim arises out of his placement in administrative segregation in August

2007 following his refusal to follow an order to move from single cell housing at CMC to a two-man cell.[1] From the complaint and the attached documents, it appears that on August 17, 2006, an interdisciplinary team led by Drs. Holmen, Sugarman and CC-I Hale recommended that Plaintiff was to have a single cell because of mental health problems for a period of one year. When that year expired, Plaintiff was ordered to a two-man cell, an assignment he refused. Plaintiff claims he is entitled to a one-man cell until he is discharged from his sentence in 2015. He seeks injunctive and declaratory relief.

His second claim alleges that certain unidentified medical staff members at CMC were deliberately indifferent to his serious medical needs by failing to provide him with his preferred medical treatment for rectal bleeding. The attached exhibits reveal that Plaintiff was diagnosed with radiation proctitis, a history of prostate cancer, and rectal bleeding in September 2005. Plaintiff was treated with hydrocortizone enemas. Plaintiff believes that he is entitled to laser treatment for this impairment. He asserts that the failure to provide him with laser treatment violates his Eighth Amendment rights. He seeks injunctive relief and money damages.

On November 20, 2007, Magistrate Judge Marc L. Goldman issued an order dismissing the first amended complaint with leave to amend. It was found that Plaintiff had failed to assert a claim upon which relief could be granted against Defendant Marshall because there was

---

[1] This case is identical to cases filed in May 2004 and March 2007 in which Plaintiff was placed in a two-man cell following his transfer to CMC. *Walker v. Warden*, Case No. CV 04-2964-GPS (MLG); *Walker v. Marshall*, Case No. 07-0449-GPS (MLG). Both actions were dismissed on procedural grounds.

no showing that he had any involvement with the decision to place Plaintiff in a double man cell or with the decision on the appropriate medical treatment for his rectal bleeding. In addition, it was found that Plaintiff had failed to state a claim for deliberate indifference to his serious medical needs in that he had only alleged a dispute over the appropriate course of treatment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)(Differences in opinion as to the need to pursue one course of treatment rather than another do not rise to the level of a constitutional violation.)

Plaintiff was given thirty days, to December 21, 2007, in which to file a second amended complaint correcting these deficiencies. He was informed that the failure to file an amended complaint in the time allowed would result in dismissal of the action. Plaintiff did not filed a second amended complaint as directed.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ferdik*, 963 F.2d at 1260-1261. *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendant.

Balancing all of these factors, dismissal of this action for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: 1/14/08

George P. Schiavelli
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge